# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUTHER PFLEEGOR, | : | Civil No. 1:12-CV-1296 |
| | : | |
| Petitioner, | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| COURT OF COMMON PLEAS, et al., | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

I.  **Statement of Facts and of the Case**

The petitioner, Luther Pfleegor, is a state prisoner who has filed a petition for a writ of habeas corpus which challenges Pfleegor's July 2009 guilty plea conviction on charges of statutory sexual assault and involuntary deviate sexual intercourse. Presently pending before the court are two motions to dismiss this habeas corpus petition, (Docs 11 and 12.), motions which argue, inter alia, that the claims set forth in Pfleegor's petition have not yet been fully exhausted in state court, a prerequisite to pursuing these claims in federal court.

With respect to this issue, we note that § 2254's exhaustion requirement is not new to Pfleegor since the petitioner previously had a habeas corpus petition dismissed because he had failed to exhaust his remedies in state court. See Pfleegor v. Attorney General, No. 1:11-CV-2256 (M.D.Pa.). Accordingly, for the reasons set forth below,

and consistent with our prior rulings, we recommend that Pfleegor's petition be dismissed for failure to exhaust his state legal remedies.

There is an enigmatic quality to Pfleegor's current federal habeas corpus petition when it comes to the issue of exhaustion of state remedies. Throughout the petition, when asked if he has exhausted his state remedies, Pfleegor replies that this information is "unknown." (Doc. 1.) Yet, while Pfleegor alleges that this information is unknown to him, he actually alludes in this pleading to these pending state post-conviction petitions when he complains that the state court "refuses to process any petition in accordance with due process . . . ." (Id., p.10.) Thus, Pfleegor acknowledges the existence of some state proceedings, even as he claims that this information is unknown to him.

Moreover, a review of the criminal docket in Pfleegor's state case[1] reveals that these state remedies are plainly unexhausted. Indeed, it appears from this docket that, following Pfleegor's direct appeal of his conviction in January of 2011, Pfleegor has filed three separate petitions in the Court of Common Pleas under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541 et seq. A hearing has been held on these petitions and the petitions appear to be under active consideration by the state courts. Pfleegor's federal habeas corpus petition, therefore, presents us with the very

---

[1] A copy of this docket is attached as Exhibit A to this Report and Recommendation.

paradigm of an unexhausted federal habeas corpus petition, a petition whose claims have not yet been properly presented and preserved in the state courts.

Pfleegor's petition has a similarly enigmatic quality when it comes to the issue of whether considerations of *res judicata* bar this petition. While Pfleegor alludes to a prior federal habeas corpus petition in his current pleading that was allegedly dismissed without prejudice, (Doc. 1, p.7.), he neglects to mention that this prior dismissal order involved the precise issue presented in the instant petition, Pfleegor's failure to exhaust his state remedies. See <u>Pfleegor v. Attorney General</u>, No. 1:11-CV-2256 (M.D.Pa.)

Since the petitioner still has not satisfied this threshold legal requirement prescribed by statute by exhausting his state remedies before proceeding into federal court, we submit that this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. <u>Discussion</u>

### A. <u>Pfleegor's Latest Federal Habeas Corpus Petition Should Be Dismissed Without Prejudice</u>

The respondents have moved to dismiss this petition, citing, in part, Pfleegor's failure to exhaust his state legal remedies. (Docs. 11 and 12.) In addition, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner " has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all available state remedies. Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the

law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982). Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state

courts. Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992); Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

Here, on the face of this habeas corpus petition it is evident that the petitioner has not met §2254's exhaustion requirement. Moreover, Pfleegor has provided no comprehensible justification or excuse for this wholesale failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law. Therefore, Pfleegor's failure to exhaust these state remedies should not be excused, and his petition for writ of habeas corpus should be dismissed.

This dismissal is particularly appropriate since the question of Pfleegor's compliance with this statutory exhaustion requirement is issue that has been the subject of a prior petition by Pfleegor, a petition which concluded with adverse rulings on Pfleegor's claims on exhaustion grounds. See Pfleegor v. Attorney General, No. 1:11-CV-2256 (M.D.Pa.) Given this prior decision, dismissal of this petition without prejudice on exhaustion grounds remains entirely appropriate here.

Finally, in this case, it appears that Pfleegor seeks to pursue habeas relief in federal court at this time rather than exhausting his state legal remedies because he is frustrated by what he perceives as a delay he has experienced in these state court proceedings. Thus, Pfleegor seems to invite us to completely forego this exhaustion requirement because the state courts have not yet resolved the three post-conviction petitions which he has lodged over the past two years. Because of the strong policies favoring exhaustion of state remedies, petitioners who seek to be excused from this requirement must make an exacting showing. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Under ordinary circumstances, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal. See 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16(1982). Exhaustion, however, is not a jurisdictional matter but a matter of comity. See Story v. Kindt, 26 F.3d 402, 405 (3d Cir.1994). Federal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy. Id.; 28 U.S.C. § 2254(b)(1)(B). We have held that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986). The existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required. Story, 26 F.3d at 405 (noting that this burden is "difficult to meet").

Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004).

In defining what type of delay constitutes an "inexcusable or inordinate delay" which may justify excusing the exhaustion requirement, the courts have typically looked at delays of years, not months. Thus, as the appellate court has explained:

> We stated in Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986), that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." In that case, thirty-three months had passed after the petitioner's PCRA filing without resolution. Id. This, we found, excused the petitioner's failure to exhaust his state court remedies. Id. at 356. The thirty-three month delay in Wojtczak remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement.

Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002)(refusing to excuse exhaustion in the face of 27 month delay). See, e.g., Coss v. Lackawanna County Dist. Att'y, 204 F.3d 453, 460 (3d Cir.2000) (en banc) (seven year delay), rev'd on other grounds, 532 U.S. 394 (2001); Story v. Kindt, 26 F.3d 402, 406 (3d Cir.1994) (nine year delay). Yet, justice in this setting is not reduced to a simple process of arithmetic. Instead, it has been held that: "delays of eleven, five, twelve and three years sufficient to excuse exhaustion. See Hankins, 941 F.2d at 247 (eleven years to decide motion to withdraw guilty plea sufficient to excuse exhaustion requirement); Burkett, 826 F.2d at 1218 (five year delay sufficient to excuse exhaustion); Codispoti v. Howard, 589 F.2d 135 142 (3d Cir.1978) (twelve years to decide new trial motion); United States ex rel. Senk v. Brierley, 471 F.2d 657, 660 (3d Cir.1973) (three year delay in deciding PCRA

petition)." Story v. Kindt, 26 F.3d 402, 405-6 (3d Cir. 1994). However, as time passes, the government's burden in justifying the delay increases, a burden that often "is difficult to meet." Id. at 406 (citing Burkett v. Cunningham, 826 F.2d 108, 1218 (3d Cir. 1987).

In this case, we do not find any inordinate delay in addressing Pfleegor's state PCRA petitions. Indeed, the state court docket reflects that hearings have been scheduled on these petitions; conferences have been conducted in this case; and Pfleegor has filed at least three separate PCRA petitions, amending and revising his legal claims. In short, the state court docket reveals that the state courts are actively addressing Pfleegor's multiple PCRA petitions in a conscientious fashion. On these facts, we cannot say "inexcusable or inordinate delay by the state in processing claims for relief [which] may render the state remedy effectively unavailable" has occurred. Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986). Therefore, Pfleegor is not entitled to forego the exhaustion requirement mandated by law. Accordingly, it is recommended that Pfleegor's failure to exhaust his state remedies should not be excused, and that Pfleegor's federal habeas corpus petition should be dismissed without prejudice while Pfleegor exhausts these state legal remedies.[2]

---

[2] Finally, we note that the state court judge, who is named as a respondent in this petition, has also separately sought dismissal of this action to the extent that he is individually named as a party. (Docs. 11 and 14.) We concur. In a federal habeas corpus proceeding like that commenced by the petitioner, it is well settled

## III.  **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of the Petition for Writ of Habeas Corpus filed by Pfleegor pursuant to 28 U.S.C. § 2254, and respondents' motions to dismiss this petition, (Docs. 11 and 12.), IT IS RECOMMENDED that the Petitions be DISMISSED, without prejudice, and that a certificate of appealability should not issue.  The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or

---

that the warden of the institution where the inmate is currently incarcerated is the only proper respondent.  Rumsfield v. Padilla, 542 U.S. 426, 434-35 (2004); Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994); United States v. Kennedy, 851 F.2d 689 (3d Cir. 1988).  Indeed, as the United States Supreme Court has aptly observed: "The federal habeas corpus statute straightwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . . '[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld vs. Padilla, 542 U.S. 426, 433-436 (2004)(emphasis in original)(citations omitted).

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of January 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge