# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUTHER PFLEEGOR,** | : | **CIVIL ACTION NO. 1:12-CV-1296** |
| Petitioner | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **COURT OF COMMON PLEAS,** *et al.,* | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 21st day of February, 2013, upon consideration of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. 17), recommending that the petition for writ of habeas corpus (Doc. 1) be dismissed, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and recommendation, and that there is no clear

error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The Report and Recommendation of Judge Carlson (Doc. 17) are ADOPTED.

2. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

2

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).[2]

4. The Clerk of Court is directed to CLOSE this case.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[2]Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003)). Here, jurists of reason would not find the disposition of this case debatable. However, petitioner is advised that he has the right to appeal our order denying his petition within thirty days, see 28 U.S.C. § 2253(a); FED. R. APP. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he seeks, and obtains, a certificate of appealability from the court of appeals. See FED. R. APP. P. 22.